CHAMBERS' AD'R *vs* HAYS, &c.

## Chambers' Administrator *vs* Hays, &c.

### ERROR TO THE MEADE CIRCUIT.

*Sales of land.    Sheriffs.    Motions.    Parties.*

JUDGE MARSHALL delivered the opinion of the Court.

MOTION.

*Case 25.*

*Oct.* 7.

THE 13th section of the act of 1828, (*Stat. Law,* 639,) authorizes the Sheriff to sell land under execution, on the first day, and on no other day of the Circuit or County Court of the county. This construction was given to the statute in the case of *Allison* vs *Taylor's heirs*, (3 *B. Monroe,* 366,) and we are satisfied that such is the clear import of the language used. The Sheriff therefore, had no authority under the law, to sell on any other day of the Meade Circuit Court but the first. The statute requires the written consent of both plaintiff and defendant, to authorize a sale even on the first day of a Court, when ten days have not intervened since the levy; and in analogy to this requisition and to those cases which decide that there must be a writing to authorize the sale of more land than will satisfy the execution, we think that to authorize a sale on any day of the Court subsequent to the first, there must be the written consent of both parties, or such acts of each as would estop him from afterwards questioning the sale. The statute in prescribing the time of the sale, intended to secure. for

*The statute of 1828, (Statute Law, 639,) requires sales of land to be made the first day of a Circuit or County Court of the county where it lies, and no sale can be made on any other day unless by the written consent of both plaintiff and defendant in the execution.*

the benefit of each party, that publicity and competition of bids which would best subserve the honest purposes of each; and neither party can, by his own act, dispense with the prescribed guarantees of a fair sale to the prejudice of the other. The presence of the defendant and his acquiescence in the sale of 200 acres of land for ten dollars, on the sixth day of the Court, can have no effect upon the plaintiff's right of objection. But it appears that the plaintiff's attorney knew that the Sheriff intended to sell on that day, and although he was not present and did not know the precise time when the sale would be made, and did not know that it was going on when it was in fact made, yet as he made no objection to the day, it is insisted this was a waiver of that objection, binding on the plaintiff. But whatever right the attorney may have had to bind the plaintiff in this respect, it does not appear that he ever assented to the sale being made on that day, or that he was placed in such circumstances as required that he should openly object. He might have had no objection to the day provided there should be a reasonable attendance of bidders, and a fair open sale, at which he might have an opportunity of attending to the interests of his client; or he might have left the Sheriff, who does not appear to have consulted him, to act on his own responsibility, knowing that upon a fair sale, his client's debt would be satisfied. It appears that although he was in the Court House at the time of the sale, the Sheriff did not apprise him that it was then to take place. This circumstance, together with the defendant's acquiescence in what seems to be an enormous sacrifice of his property, give some ground for the inference that he has received the benefit of the sacrifice, to the injury of the plaintiff, and that the actual moment of sale, and perhaps the day of sale, may have been chosen for that purpose. But be this as it may, we think there was nothing to preclude the plaintiff from afterwards objecting to the sale, as unauthorized either by the law or by his consent. Nor was his motion barred by the lapse of between two and three years from the sale. It is true he might have levied afterwards on the defendant's right of redemption, but this would have been an acknowledgment of the

validity of the sale which he was not bound to make, or
it might have involved the subsequent proceedings in the
question of the validity of the first sale.   And although
it is not shown that the plaintiff's debt has not been since
satisfied, yet as he was injured at the time by the illegal
sale, it was for the other party to show that he had lost
his right of quashing that sale, by the subsequent satis-
faction of his debt.

We are of opinion, therefore, that the plaintiff had a
right to have the sale quashed on motion, because it was
made on a day not authorized by law.   But in order to
avail himself of this right, he should have made the de-
fendants in the execution parties to his motion, which he
has omitted to do.   For this omission, however, the mo-
tion should have been overruled without prejudice and
not absolutely.

Wherefore, the judgment is reversed and the cause re-
manded, with directions to overrule the motion without
prejudice to any other motion for the same cause.

*J. C. Walker* for plaintiff: *Harlan & Craddock* for de-
fendants.

*Margin note: The defendant in an execution is a necessary party to a. motion to quash a sale for irregularity.*