CASEY
*vs.*
GREGORY.

---

## Casey *vs.* Gregory.

### APPEAL FROM UNION CIRCUIT.

Judge SIMPSON delivered the opinion of the court.

CHANCERY.

Case 36.

January 15.

1. Mere irregularities on the part of a sheriff in the sale of land, will not vitiate the sale. A sale, however, made on a day not authorized by law, is not a mere irregularity. Sheriff has no authority to sell land except on the days designated by statute, (6 *B. Monroe*, 115,) unless consented to by the parties to the execution.

2. A lease of land for five years is valid, though not recorded, and the lessee may hold during his term, where a sale is made by a sheriff under execution against the lessor—though the purchaser will be entitled to rents accruing after the sale.

3. A tenant may show that his landlord's title has expired, and that he is himself the owner of the land, either by purchase under execution, or by voluntary alienation.

4. The tenant may purchase the land of his landlord, and the right to redeem is not different from that against any other person.

5. A tenant purchased the land of his landlord, on which he held a lease for years, under execution; the landlord recovered a judgment at law for rents which accrued after the purchase; the tenant filed his bill to enjoin the judgment—held, that though the tenant was not legally bound for the rents, yet the chancellor had no power to relieve him; his defense was at law.

CASEY
vs.
GREGORY.

Case stated.

Casey leased to Gregory a tract of land for the term of five years, from the 1st day of January, 1840, for which Gregory was to pay an annual rent of $150. The rent for the years 1840 and 1841 was paid, and also $106 25 on account of the rent of 1842.

In the year 1842, four executions against Casey, which were in the hands of the sheriff, were, by his directions, levied upon the land leased to Gregory, and a sale thereof was made by the sheriff, at which sale a man by the name of Buckham became the purchaser at the price of twenty-one dollars. The sheriff then levied the executions upon the same land, and subsequently sold the owner's equity of redemption therein—the land at the first sale having sold for less than two-thirds of its value—and Gregory the tenant became the purchaser thereof at the price of nine hundred dollars. He obtained the sheriff's deed for the land so purchased by him in the year 1844, having paid to the purchaser at the first sale the sum bid by him with interest.

In the year 1845, after the expiration of the term, Casey brought an action at law upon the lease against Gregory, and recovered a judgment for $750, being the rent for five years, and entered a credit thereon for the rent which had been paid by Gregory.

This suit in chancery was then brought by the latter to enjoin the judgment at law, upon the ground that he was entitled to the rents which accrued subsequent to his purchase at the sale made by the sheriff in October, 1842.

The relief claimed by him was resisted by Casey upon various grounds. He contended that the first sale made by the sheriff was void, because it was made on the third instead of the first day of the court, and for other irregularities in the conduct of the officer who made the sale. That the purchase was, by operation of law, made subject to the lease, and therefore he was still entitled to the rents, notwithstanding the sheriff's sale. That the purchase by his tenant was for his benefit, because the relation

that existed between them, precluded him from denying his landlord's title, and he therefore held the title to the land as his trustee, and was bound by the stipulations in the lease to surrender to him the possession of the premises.

He also stated that he had made preparations, and intended to redeem the land, as he had the right to do, but the clerk of the court and his deputy, had both misinformed him in relation to the time when the year would expire, and acting upon their information he had failed to redeem the land within the time prescribed by law. As he had lost the right to redeem as he alleged by an accidental and unintentional mistake of the clerk, and not from any *laches* or negligence on his part, he prayed that he might still be permitted to redeem the land.

The objections made to the sheriff's sale were for irregularities that did not, if they existed, render the sale void, or affect the right of the purchaser, with the exception of that one which was made to the time of the sale. It was decided in the case of *Chambers' administrator* v. *Hays, &c.* 6 *B. Mon.*, 115, that a sheriff has no authority to sell on any other day of the court but the first. As the sale in this case was made on the third day of the court, it was unauthorized, unless it was made by the consent of the parties. It appears that Casey, on the day of the sale, assisted in selecting the persons who valued the land and was no doubt present at the sale, and made no objection to its taking place at that time. From these circumstances his consent must be implied, and he is estopped from questioning the validity of the sale.

The written lease for five years was valid without its being recorded, and the lessee had a right to hold the premises during his term, notwithstanding the sheriff's sale, but the purchaser had a right to the rents subsequently accruing, it being a well settled principle of law, that when an alienation of the reversion takes place, either by the act of the landlord, or by operation or force of law, the rent that subse-

CASEY
*vs.*
GREGORY.

1. Mere irregularities on the part of a sheriff in the sale of land, will not vitiate the sale. A sale, however, made on a day not authorized by law, is not a mere irregularity. Sheriff has no authority to sell land except on the days designated by statute, (6 *B. Monroe*, 115,) unless consented to by the parties to the execution.

2. A lease of land for five years is valid, though not recorded, and the lessee may hold during his term, where a sale is made by a sheriff under execution against the lessor—though the purchaser

CASEY
vs.
GREGORY.

will be entitled to rents accruing after the sale.

3. A tenant may show that his landlord's title has expired, and that he is himself the owner of the land, either by purchase under execution, or by voluntary alienation.

4. The tenant may purchase the land of his landlord, and the right to redeem is not different from that against any other person.

5. A tenant purchased the land of his landlord, on which he held a lease for years, under execution; the landlord recovered a judgment at law for rents which accrued after the purchase; the tenant filed his bill to enjoin the judgment—held,

quently accrues, as a general rule, belongs to the purchaser.

Although it is a general rule, that a tenant shall not dispute his landlord's title, or do any act inconsistent with the relation that exists between them, yet he may show that the landlord's title has expired, and that he has himself become the owner of the land, either by a voluntary alienation on the part of the landlord, or by a coercive sale under execution.— There is no reason why a tenant should be prohibited from purchasing, at a sheriff's sale of the leased premises. It is no more prejudicial to the landlord that he should purchase, than that the purchase should be made by some other individual.

As the purchaser of the leased premises, and having obtained the sheriff's deed therefor, the tenant was entitled to the rents that accrued after his purchase, or at least after the time of redemption had expired.

The landlord has not made out any equitable right to redeem the land purchased by his tenant. It was his duty to have ascertained and known the time in which the redemption had to be made; he knew the time of the sale, and must be presumed to have known when the year expired, in which he could have legally exercised the right to redeem. But if he was mistaken as to the actual time, the purchaser had no agency in producing the mistake, and his rights cannot be affected by it.

Notwithstanding that the complainant's purchase was valid, he has not however made out any grounds for the interposition of a court of equity in his favor. The matters he relies upon constituted a good legal defense, and are exclusively cognizable in a court of law. He had paid the rents which had accrued previous to the sheriff's sale, and so far as he was himself entitled to the subsequent rents, as he had obtained the sheriff's deed before the suit at law was commenced, there was nothing to have prevented him from showing on the trial at law, that they belonged

to him, and his landlord was not entitled to recover them. We have not deemed it necessary to decide whether the purchaser was entitled to the rents from the time of the sheriff's sale, or only from the time that the right of redemption expired. If he were entitled to the rents during the year allowed by law for redemption, his defense was complete at law, and if he were not entitled to them he has no defense against their payment, either at law or in equity.

Inasmuch therefore as a court of chancery has no jurisdiction in the case, the decree of the court below, perpetuating the complainant's injunction, was erroneous.

Wherefore said decree is reversed, and cause remanded with directions to dissolve the complainant's injunction, and dismiss his bill.

*Harlan*, for appellant; *Morehead & Brown*, for appellee.