Newell & McHugh vs. Smith.

---

NEWELL & McHUGH, plaintiffs in error, *vs.* EZEKIEL B. SMITH, defendant in error.

When the plea of *non est factum* is filed by one partner, to a note given in the name of the firm, by the other ; and the proof shows that the partners were engaged in a tannery, and that the negro, for whose hire the note was given, worked in that business ; the *onus* is removed as to the authority to execute the note by the partner who signed it.

Complaint, in Talbot Superior Court. Tried before Judge WORRELL, at March Term, 1857.

This was an action by Ezekiel B. Smith, administrator of John W. G. Smith deceased, against Newell & McHugh, on the following note, viz:

" $285.00.   By the 25th of December next, we promise to

pay Ezekiel B. Smith, administrator of J. W. G. Smith, or bearer, two hundred and eighty dollars, and also to furnish boy Henry, clothes, shoes and a blanket.   This January 28th, 1854.

      (Signed,)       NEWELL & McHUGH."

The defendants pleaded the general issue, partial failure of consideration, failure of consideration, and *non est factum.*

Plaintiffs offered in evidence the note sued on, and proved that at the time it was made that defendants were partners, and closed.

Defendants proved that the note was given for the hire of the boy Henry, for the year 1854.   They further proved that he was a negro of delicate frame, and " and his health was poor."   And one witness testified that he was very far from being a good tanner, while in the employ of defendants, and that he ruined a great deal of leather for them.

Plaintiff in reply, introduced two witnesses, who testified that Henry when in their employ was a good or fair *negro* Tanner.   One of the witnesses said that he was, particularly, a good "finisher," that he had given two hundred and seventy-five dollars for the hire of the boy.

The jury found for the plaintiff the amount of the note.

Defendants moved for a new trial upon the grounds:

1st. Because the verdict was contrary to law and evidence.

2d. Because the verdict was contrary to charge of the Court.

3d. Because the Court refused to charge the jury, that they must find for the defendants upon the ground, that it was not proved that McHugh the partner who made the note, was authorized to make notes for the firm of Newell & McHuugh; the plea of *non est factum* having been filed by Newell and verified by his oath.

The Court overruled the motion for a new trial, and defendants excepted.

A. F. OWENS, for plaintiff in error.

SMITH & POU, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

We are authorized to infer from the testimony that the plaintiffs in error, were partners in a tannery. It is in proof that the negro of the defendant Smith, and for whose hire the note was given was employed in the firm business. That being so, the plea of *non est factum,* is fully met and overcome by the evidence; and the Court below was right in refusing to charge to the contrary. We do not feel warranted in disturbing the verdict, because contrary to the evidence. On the contrary, the proof is all on that side.

Judgment affirmed.