KATE EWING, ADM'X, v. WILSON & HOWELL.

(Case No. 1925.)

1. JUDGMENT AGAINST ONE NON COMPOS MENTIS.— A judgment rendered by a
   court of competent jurisdiction against one who was *non compos mentis* at
   the time of its rendition is binding upon him and on those holding in
   privity with him, so long as it remains unreversed, and not affected by some
   direct proceeding instituted to annul it. (Citing Lamprey v. Nudd, 29 N. H.,
   303; Wood v. Bayard, 63 Penn. St., 321; Johnson v. Pomeroy, 31 Ohio St.,
   248, and other cases.)
2. SAME.— Such a judgment is conclusive, in trespass to try title, as to all mat-
   ters affecting title which might have been litigated, and is binding upon
   parties and privies until reversed or set aside by some direct proceeding.
3. EQUITY — PARTIES.— In a proceeding to set aside a sale made under judg-
   ment, the plaintiff and purchaser should as a general rule be made parties.
   (Citing Toler v. Ayres, 1 Tex., 400, and other cases referred to in the opin-
   ion.) A court of equity will not, as a general rule, entertain a bill which
   does not make all persons who would be affected by the decree sought,
   parties to the proceeding.

APPEAL from Burleson. Tried below before the Hon. I. B. Mc-
Farland.

*James E. Shepard* and *L. R. Bryan*, for appellant, cited: Pome-
roy, Eq. Jur., sec. 914 and note; Blight's Heirs v. Tobin, 7 Monroe,
612; 3 Am. Dec., 78; Wait's Actions and Defenses, p. 442, secs. 10
and 11; id., pages 184, 185; 2 Johns. Ch., p. 512; 5 Am. Rep., 441.

*Sayles & Bassett*, for appellees, cited: Laughter v. Seela, 59 Tex.,
177, 185; Sternbergh v. Schoolcraft, 2 Barb., 153; Jackson v. King,
4 Cow., 207; Foster v. Jones, 23 Ga., 168; Snowden v. Dunlavey, 11
Penn. St., 9; Allison v. Taylor, 6 Dana, 87; Mansfield's Case, 7
Coke, 124; Wait's Actions and Defenses, 196; Yale v. Ward, 30
Tex., 17; Black v. Calloway, 30 Tex., 232; Edgar v. Galveston City
Co., 46 Tex., 421, 428; Fitch v. Boyer, 51 Tex., 336.

STAYTON, ASSOCIATE JUSTICE.— The appellant seeks to set aside
sales made under two judgments rendered against George Ewing, of
whose estates it is alleged she was appointed guardian, by the proper
court, on the 23d March, 1882, Ewing having been adjudged a per-
son of unsound mind.

Those judgments were rendered in the year 1876, and the parties
plaintiff in the several cases were not made parties to this suit. Sales
under those judgments were made in the year 1876. She also seeks
to set aside a sale made under a deed of trust executed by George

Ewing, the sale having been made in the year 1876, and also to set aside a deed made by a tax collector in pursuance of a tax sale. The parties to the trust deed were not parties to this action, nor were the parties who purchased at the several sales made parties.

It is alleged, however, that the appellees acquired, prior to the 13th August, 1879, the several titles which passed by all the sales.

It is not claimed that the judgments were not valid judgments, rendered for the just debts of George Ewing, nor that the debt secured by trust deed was not a just debt, and the trust deed valid; but it is claimed that there were irregularities in the sales for which they ought to be set aside, and that George Ewing has been of unsound mind since 1870.

It is also alleged that, some time in the year 1878, the appellees agreed to buy one of the tracts of land sold, and to pay off the several debts on account of which the sales before mentioned were made, but that they fraudulently refused to do so.

The petition further alleges that on August 13, 1879, after having acquired from the persons who bought at the sales before mentioned all the interest which passed by them in the lands named, the appellees brought a suit of trespass to try title for the lands against George Ewing, which resulted in a judgment in their favor, rendered September 5, 1879, on which a writ of possession issued, under which the appellees were put in possession of the lands.

There is no averment that George Ewing was not duly cited in that case; nor is there an averment of any fact which would show that the district court which rendered the judgment did not have jurisdiction of the person of George Ewing.

There is no prayer that any of the judgments mentioned be vacated, nor valid reason for so doing shown.

Demurrers, both general and special, were urged to the petition, and were, by the court, sustained.

This ruling is alleged as error.

We are of the opinion that the court did not err; for it is unimportant what the objections to the several sales sought to be set aside may be.

If these sales were invalid, and might have been set aside upon proper proceeding, these matters of invalidity existed when the suit of trespass to try title was brought by the appellees against George Ewing, and existed at the time the judgment in favor of the appellees was rendered in that case, and therein should have been presented or otherwise made available.

The judgment rendered in that cause, so long as not set aside, is

conclusive between the parties that title to the land was in the appellees at the date of its rendition.

So far as appears from the petition the appellees, in the suit of trespass to try title, may have recovered on the strength of a title superior to any which George Ewing ever had; but if recovered on the strength of the title which the appellees deraign through the sales sought to be set aside in this case, then they are precluded by the judgment rendered in that case from ever asserting title through any fact which existed on the day the judgment was rendered, unless it be shown that the court had no jurisdiction; there being no pretense of the existence of any fact which would render the judgment even voidable if jurisdiction over the person of George Ewing was acquired by the court.

The only ground, under the pleadings, on which it could with any degree of plausibility be contended that the court had not jurisdiction over the person of George Ewing, would be that he was *non compos mentis* at the time of service upon him and judgment against him.

This is averred, but it is not averred that he was not duly cited.

It is well settled that a judgment against one *non compos mentis* is binding upon him and those in privity with him, so long as it stands unreversed, or is not set aside in some direct proceeding instituted for that purpose. Lamprey v. Nudd, 29 N. H., 303; Wood v. Bayard, 63 Pa. St., 321; Newell v. Smith, 23 Ga., 170; Sacramento Savings Bank v. Spencer, 53 Cal., 740; Stigers v. Brent, 50 Md., 219; Johnson v. Pomeroy, 31 Ohio St., 248; Sternbergh v. Schoolcraft, 2 Barb., 154; Walker v. Clay, 21 Ala., 807; Freeman on Executions, 22; Freeman on Judgments, 152.

The appellees were not the plaintiffs in the judgments under which the sales were made under executions, nor were they the purchasers at the sales so made, but hold through conveyances from persons who were. Nor were they the holders of the trust deed under which one of the sales was made, nor purchasers at that sale.

The general rule is, that in a proceeding to set aside a sale, made under a judgment, the plaintiff and purchaser should be made parties. Toler v. Ayres, 1 Tex., 400; McKinney & Williams v. Jones, 7 Tex., 599; Good v. Coombs, 28 Tex., 52; Cline v. Green, 1 Blackf., 53; Sears v. Low, 2 Gilman, 284; Chambers v. Hays, 6 B. Mon., 115; Jewitt v. Marshall, 3 A. K. Marsh., 154; Williams v. Cummins, 4 J. J. Marsh., 640; Bank v. Marsh, 5 English (Ark.), 130; Osborn v. Cloud, 21 Iowa, 238; Parks v. Person, 1 S. & M. Ch., 83.

A court of chancery will not act on a bill which does not make the persons whose rights may be affected by its decree, parties to the proceeding, and for this reason, in addition to that already given, the court did not err in sustaining the demurrer, and, upon the plaintiff's refusal to amend, did not err in dismissing the case.

The judgment is therefore affirmed.

AFFIRMED.

[Opinion delivered January 20, 1885.]