(39 Misc. Rep. 334.)

### HOHLE v. RANDRUP.

(Supreme Court, Appellate Term. November, 1902.)

1. ASSIGNMENT OF JUDGMENT—BREACH OF CONTRACT—DAMAGES.

In an action by the assignee of a judgment against the assignor for breach of covenant not to collect the judgment or any part thereof, nor release it, where the evidence shows that the assignee paid the face value of the judgment and that the assignor thereafter satisfied it for one-fifth of the face value, the assignment not having been recorded, the assignee may recover such face value, though the assignor pleaded the insolvency of the judgment debtor, where the evidence did not show that such insolvency continued to the time of the suit brought for the breach of the covenant.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Carl G. A. Hohle against Carl E. Randrup. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and BLAN-CHARD, JJ.

Norwood & Dilley, for appellant.
Robert Godson, for respondent.

FREEDMAN, P. J. This action was tried in the municipal court on the 21st day of July, 1902, and the cause of action arose out of the following facts, which are not disputed: The defendant, on April 6, 1898, obtained a judgment in the city court against one Olsen for the sum of $374.16. On May 5, 1898, by an instrument in writing, the defendant, for the sum of $374.16, duly assigned said judgment to the plaintiff herein. Said assignment contained the following clause:

"And the said party of the first part does covenant that there is now due on the said judgment the sum of $374.16, and that he will not collect or receive the same, or any part thereof, nor release or discharge the said judgment, but will own and allow all lawful proceedings therein; the said party of the second part saving the said party of the first part harmless of and from any costs in the premises."

On or about August 1, 1901, the defendant, without the knowledge or consent of the plaintiff, and at the solicitation of an attorney representing the judgment debtor, and upon payment to the defendant of the sum of $75, satisfied said judgment, and on August 2, 1901, the satisfaction piece was filed in the office of the clerk of the city court, and said judgment was thereupon discharged of record. Practically the only question to be determined herein is what, under such circumstances, was the correct measure of damages. The court below directed a judgment in favor of the plaintiff for the face value of the judgment, with interest. The appellant claims that the measure of damages is the value of the judgment, measured by the possibility of collecting it from the judgment debtor. The answer alleged that the judgment debtor was insolvent, both at the time of the rendition of the judgment and also when the same was satisfied, and he offered proof tending to show that at the time the judgment was satisfied the judgment debtor was insolvent and unable to pay his debts, and paid into court the sum of $84.90, being the amount paid to the defendant for the satisfaction of the judgment, with the interest thereon. It has been held:

"A party who, after having for a valuable consideration assigned a judgment, satisfies it, clearly incurs a liability to his assignee. If the satisfaction piece is given on payment of the judgment, the money may be recovered by the assignee in an action for money had and received; and if the satisfaction is given without payment, and the assignee is prejudiced thereby, he is entitled to recover of his assignor the damages sustained. In the absence of proof to the contrary, the presumption arising from the giving of the satisfaction piece is that it was given upon payment of the judgment." Booth v. Bank, 50 N. Y. 396.

It was not disputed, upon the trial, that the defendant received not more than $75 in satisfaction of the judgment. Clearly the defendant had no right, under the covenant in his assignment, to "collect or receive the same or any part thereof, nor release or discharge the said judgment." He was sued for a breach of this covenant, and

admitted liability thereunder to the amount received by him from the judgment debtor, but sought to escape payment of a larger sum by showing the insolvency of the judgment debtor at the time the judgment was recovered, and also at the time of the satisfaction of the judgment by the defendant. Testimony to this effect was introduced by the defendant. As judgment was directed in favor of the plaintiff for the full amount claimed by the plaintiff, we are to infer that such testimony was not deemed sufficient by the trial judge. Without passing on the question as to whether or not the insolvency of the judgment debtor was clearly shown to exist at the time of the satisfaction of the judgment on August 1, 1901, I am of the opinion that such insolvency should have been shown to have continued down to the commencement of this action. The plaintiff herein owed no duty to his assignor to record or file his assignment, and as to him was guilty of no remissness in failing to do so. He had a right to hold the judgment for years, if he so desired, in the expectation that the judgment debtor named therein would become possessed of sufficient property out of which the judgment could be made, relying on the defendant's covenants contained in the assignment not to release the same. It may be that the judgment debtor had become solvent between the date of the satisfaction of the judgment and the time of the action. Insolvency is never to be presumed, neither is an admission of insolvency at a given time any evidence of insolvency at any considerable time thereafter. Walrod v. Ball, 9 Barb. 271; Hume v. Long's Representatives, 6 T. B. Mon. 116. However innocently and in good faith the defendant herein satisfied said judgment, it is undisputed that he had received from the plaintiff its full face value, viz., $374.16, for the same, and in this action seeks to return to the plaintiff therefor but $75. He should be held to a strict accountability for his acts, and be relieved therefrom only by a clear case. Extensive research has enabled me to find but one case somewhat similar to this, and in that case the court held that the measure of damages was the value of the property owned by the judgment debtor and which might have been taken in execution intermediate the time of the assignment and the commencement of the suit. Jansen v. Ball, 6 Cow. 628. For these reasons I am in favor of affirming the judgment.

Judgment affirmed, with costs. All concur.