DUDLEY A. GAYLORD, as Trustee in Bankruptcy, etc., Respondent,
v. SEVERN A. ANDERSON, Appellant.

Supreme Court, Erie County, December 28, 1925.

Corporations — officers — action by trustee in bankruptcy of corporation
to recover from defendant moneys received by means of checks signed
by president of corporation — evidence shows president of corporation
had authority to use corporate funds to meet personal debts — rights
of creditors not imperiled by transactions — judgment for plaintiff
reversed.

A judgment for the plaintiff, trustee in bankruptcy of a corporation, in an action
to recover from the defendant moneys received by him by means of two checks
signed by the president of the corporation and delivered by him to the defendant
in payment of personal debts of said president should be reversed, where it
appears that prior to the delivery of the checks and for more than a year after
no officer, director or stockholder of the corporation, which was controlled by
said president, criticised his use of corporate funds to meet his personal demands
but rather acquiesced in his practice; that there is no evidence of insolvency at
the time the checks were given; that a finding that said president had no authority
to make the checks and use the funds thereby paid the defendant cannot be
sustained; and that the rights of creditors have not been imperiled by the
transaction.

APPEAL by defendant from a judgment of the Buffalo City
Court in favor of the plaintiff.

*Brown, Ely & Richards*, for the appellant.

*Frederick O. Bissell*, for the respondent.

BROWN, J.   On August 14, 1918, Frederick E. Paradis drew a
check on the Peoples' Bank of Buffalo, payable to the order of the
defendant, in the sum of sixty-two dollars and fifty cents, signing
the check " Flexible Armored Hose Corporation, F. E. Paradis,
President," and on February 4, 1919, drew another check on the
same bank to the order of defendant in the sum of twenty-two
dollars and ten cents, signing the same in the name of the same
corporation.   These two checks were delivered to the defendant,
the avails thereof received by him in payment of the individual
debt of F. E. Paradis to the defendant for flowers sold to the wife
of Paradis.   On April 4, 1921, the Flexible Armored Hose Cor-
poration was adjudicated a bankrupt, and in 1925 the plaintiff,
as trustee in bankruptcy, brought this action to recover from the
defendant the moneys received by him by means of the two checks
above described, alleging that such moneys were the funds of the
corporation.   Upon the trial it was established that the corporation
was organized on April 17, 1917; on December 28, 1917, the

by-laws of the corporation were amended to provide that the president should sign in the name of the corporation all checks, drafts, notes and orders for the payment of money, and have general management of the affairs of the corporation; and that the funds of the corporation should be subject to check made in its corporate name signed by the president. On December 31, 1917, Paradis was elected president. From that date to February 9, 1920, Paradis signed the corporate name to many hundreds of checks upon the corporate funds payable to drygoods merchants, grocers, tradesmen, clubs, hotels, etc., in payment of his individual and personal debts; these checks, for more than two years, were all paid out of the account carried by the Peoples' Bank in the name of the corporation, and their amounts entered upon the books of the corporation as the F. E. Paradis account; a transcript of the F. E. Paradis account on the books of the Flexible Armored Hose Corporation, from January 7, 1919, to December 20, 1919, was introduced in evidence and presented upon the argument of this appeal; this exhibit contains records of checks, 235 in number, 104 of which are payable to cash, 10 of which are payable to F. E. Paradis, and 121 of which are payable to various tradesmen and clubs in Buffalo; among the number is the check delivered to defendant February 4, 1919; the checks payable to Paradis aggregate $4,125.94; the original checks for year of 1918 were introduced in evidence as Exhibits 15 and 16, being more than 400 in number, about half being payable to cash, and the remainder payable to various tradesmen, etc., in Buffalo, among them being the one delivered to the defendant August 14, 1918, all these checks being in the following form:

" FLEXIBLE ARMORED HOSE CORPORATION
" BUFFALO, N. Y., —————————— 19.
" Pay to the order of ————————————————— $————
—————————————————————————————— Dollars.
" To the Peoples' Bank of Buffalo,   FLEXIBLE ARMORED HOSE
        Buffalo, N. Y.                        CORPORATION.
                        " —————————— *President.*"

All of the corporation's financial affairs were under the sole supervision and control of Paradis; of the 429 shares of stock of the corporation 400 were owned by Paradis; each of the persons in whose name the remaining 29 shares of stock stood were officers and directors of the corporation with one exception, and they all consented to and had actual knowledge of the sole management and control and supervision of the financial affairs of the corporation by Paradis; three of them had 4 shares of stock apparently

simply to qualify them as directors; only one stockholder was not an officer or director. He testified, however, upon the trial that he was a personal friend of Paradis and had no knowledge of the corporate affairs except that Paradis managed and controlled the entire corporation; the testimony, exhibits, consisting of minute book, proceedings of directors, stock record, stock certificate book, letters, etc., have been searched in vain to find any evidence that at any time before defendant's checks were delivered to him and for more than one year after, any officer, director or stockholder ever made the slightest criticism of any act of Paradis in using the corporation funds, and it is apparent that they all acquiesced in permitting him to use the corporate funds in payment of his personal and living expenses; none of the officers, directors or stockholders knew what salary was being paid to Paradis for services as president, nor the manner in which such salary was being paid.

The defendant having received the corporation checks made by Paradis as its president, in payment of the individual indebtedness of Paradis, was bound at his peril to ascertain the authority of Paradis to so use the funds of the corporation. (*Wagner Trading Co. v. Battery Park Nat. Bank,* 228 N. Y. 37.)

The defendant, at the time of accepting such checks, was chargeable with notice of such facts as a reasonable investigation would have disclosed. (*Kepner Co. v. Hutton,* 179 App. Div. 130; 226 N. Y. 674; *Martindale v. DeKay,* 101 Misc. 728; 180 App. Div. 926; 224 N. Y. 585.)

Such an investigation would have revealed the facts hereinbefore set forth. A finding upon those facts that Paradis did not have authority to make the checks and use the funds thereby paid to the defendant in payment of his individual debt, or that the moneys received by the defendant were the corporate funds and not the moneys of Paradis, cannot be sustained. There is no fact set forth in the record on appeal inconsistent with the idea that the corporation had in its possession moneys belonging to Paradis and against which he was entitled to draw by means of checks payable to the defendant. There is no fact in the record on appeal that the use of these checks in paying the individual debt of Paradis, assuming they were paid with corporation funds, tends to establish that any creditor of the corporation was injured or deprived of any rights. These checks were paid in February, 1919; the sole evidence that there are creditors of the corporation is the fact of bankruptcy in April, 1921. There was no proof of any indebtedness or insolvency of the corporation in February, 1919. Proof of insolvency in 1921 is not proof of insolvency in

1919.    Insolvency is never to be presumed, neither is an admission of insolvency at a given time any evidence of insolvency at any considerable time thereafter.    (*Walrod* v. *Ball*, 9 Barb. 271; *Hohle* v. *Randrup*, 39 Misc. 334.)

If the facts hereinbefore recited would have repelled the presumption that Paradis was making an unauthorized use of the corporation funds, and would have indicated on the contrary that the use he was making of the funds was authorized, and the rights of no creditor have been imperilled, then plaintiff cannot recover. (Cases above cited.)

Judgment reversed and new trial ordered in the City Court, with costs to the appellant to abide the event.