Louis H. Pink, Superintendent of Insurance of the State of New York, as Liquidator of the Concord Casualty and Surety Company, Plaintiff, *v.* Jacob S. Meyer, Defendant. (No. 1.)*

Supreme Court, Trial Term, New York County, February 13, 1936.

*Walter B. Herendeen,* for the plaintiff.

*Arnstein & Levy,* for the defendant.

Lauer, J. The plaintiff in this action seeks to recover from the defendant the sum of $10,950. It is the plaintiff's claim that the defendant received moneys equal to that sum from the Concord Casualty and Surety Company, now in liquidation, in the form of improperly issued corporate checks and without furnishing any consideration therefor. The defendant contends that the checks received by him were in repayment of a loan made by him to Harold R. Cronin, president of the Concord Casualty and Surety Company, and that he had neither actual nor constructive notice that the checks accepted by him were improperly issued. From the testimony educed at the trial it appears that although the defendant

---

* Affd., 248 App. Div. 567.

was a vice-president of the Concord Casualty and Surety Company, he did not actually participate in the management or control of the company. It also appears that Harold R. Cronin, the president of the Concord Casualty and Surety Company, received a salary of considerable proportions from that company which maintained a salary account in his name upon which company checks were drawn for Cronin's personal needs, such as medical and dental bills, garage bills, insurance premiums, rent and the like. Cronin deposited moneys of his own at different times with the company which were credited to this account. The maintenance of this account was known to the officers and bookkeeping employees of the company. The defendant claims that he was advised by Cronin that the checks given to him were properly issued and were being charged against Cronin's personal account. The checks were regular on their face and were signed by two officers of the company. The defendant claims that he accepted these checks in good faith. The defendant denied that he had any knowledge of the existence of a salary account which appeared on the company's books in his name. He insists that the moneys received by him from the checks were solely in repayment of the loan made by him to Cronin and not as salary or for any other reason.

I am convinced that the defendant was unaware of the existence of a salary account in his own name. I believe that the defendant was not guilty of any conscious wrongdoing.

It is well-settled law that where a corporate check is issued in payment of a personal obligation of one of its officers, the person receiving the check is put on inquiry to determine if the check was properly issued. (*Ward* v. *City Trust Co.*, 192 N. Y. 61.) However, the " defendant's liability may only be measured by the duty cast upon him to make inquiry at the sources obviously available to him for the purpose of ascertaining whether the check was issued with authority, and he is only chargeable with knowledge of all the facts of which he might be apprised upon such inquiry and of all the inferences to be fairly drawn therefrom." (*Martindale* v. *De Kay*, 101 Misc. 728, at p. 731; affd., 180 App. Div. 926; affd., 224 N. Y. 585.)

In the instant case if the defendant had made inquiry he would have ascertained that it was customary for the corporation to issue checks for Cronin's personal needs and that Cronin deposited his own moneys in his salary account with the corporation. As the defendant was only legally chargeable with knowledge of such facts as a reasonable investigation would have disclosed (*Gaylord* v. *Anderson*, 126 Misc. 283; affd., 219 App. Div. 759), he would have been justified in accepting the checks under the circumstances.

The issuance of the checks was consistent with the past conduct of the company, and the idea that the corporation had in its possession moneys belonging to Cronin and against which he was entitled to draw by means of checks payable as directed. Accordingly judgment is directed for the defendant.