## Marion Leonard v. The Times, Chicago, et al.

1. BILL OF EXCEPTIONS—*Presumption from the Absence of.*—In the absence of a bill of exceptions the Appellate Court is bound to presume that a judgment of the lower court dismissing the suit was rightfully entered, there being nothing on the face of the record to show that it was not so done.

2. LUNACY—*Judgments Not Affected by.*—It is well settled that a judgment at law is neither void nor voidable merely because the plaintiff is a lunatic.

2. LUNATIC—*Suit by.*—A suit begun before a plaintiff is adjudged insane can properly be prosecuted in the name of the lunatic after he is so adjudged.

**Memorandum.**—Order dismissing suit. Error to the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed December 21, 1893.

The statement of the facts is contained in the opinion of the court.

MARION LEONARD, plaintiff in error, *pro se.*

EWING & WINCHESTER, attorneys for defendants in error.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

On June 30th, A. D. 1886, the plaintiff in error having first obtained leave to sue as a poor person, began her suit in the Superior Court, Cook County, against the defendants in error in an action of libel, laying her damages at $100,000.

On September 24, 1890, said suit was dismissed by order of the Superior Court for want of prosecution, at the cost of the plaintiff. It appeared on the motion to vacate the order dismissing the suit, that the plaintiff in error was, after trial on a charge of insanity, adjudged to be temporarily insane by the County Court of Cook County, on February 6, 1889, and was committed to the asylum at Dunning in this county, where she remained confined until a date subsequent to the dismissal of her said suit.

After regaining her liberty the plaintiff in error, at a term of court subsequent to that at which her said suit was dismissed, moved the said Superior Court to vacate and set aside the said judgment dismissing her said suit, at her costs, and for an order directing the clerk of said court to enter upon the records of said court a judgment for $100,000 which she claimed to have recovered by default against said defendants at a term of court previous to that at which her said suit was dismissed, and before she was adjudged to be insane. This motion in various forms was renewed from time to time, the plaintiff in error there as here, acting as attorney, *pro se,* and was denied. This writ of error is prosecuted to obtain a review of the order denying said motion.

Conceding that the plaintiff in error has been most unfortunate, that she is a woman, poor, and without counsel to assist her, in her suit below, or in this court, she can not

rightfully expect her case to be considered differently from any other case with the same features.

The absence of a bill of exceptions made during the September term, 1890, of the Superior Court, or made in pursuance of an order entered at that term extending the time for the making of such a bill, deprives this court of authority to review the judgment dismissing the suit, for errors other than such as appear on the face of the record. And the lapse of the term at which the judgment was entered deprived the Superior Court of control over it, and for that reason it rightly denied the motion to vacate the judgment.

In the absence of such a bill of exceptions this court is bound to presume that the judgment dismissing the suit was right, there being nothing on the face of the record of that judgment that shows that it was not regularly entered.

The fact that the plaintiff in error was insane, and in duress because of having been adjudged to be so, when the suit was dismissed, affords no ground for relief here.

" It is well settled that a judgment at law is neither void nor voidable merely because the plaintiff is a lunatic." Speck v. Pullman Co., 121 Ill. 33.

The suit was begun before the plaintiff in error was adjudged insane and could properly have been prosecuted in her name. Speck v. Pullman Co., *supra;* Chicago and P. R. R. Co. v. Munger, 78 Ill. 300.

If the suit could have properly been prosecuted to judgment in her favor, judgment against her was not of itself error. Manifestly, if the judgment dismissing the suit can not here be disturbed, and the motion to vacate the same was properly overruled by the Superior Court, it follows that there was no error in denying the motion to record a judgment claimed by plaintiff in error to have been previously ordered to be entered upon the default of the defendants, for the reason that there was, when that motion was denied, no suit pending in which any order could be entered.

We discover in the record no error which warrants a reversal of the cause, and the judgment of the Superior Court must therefore be affirmed.