## HUBBARD *v.* WILLIAMS *et al.*

There was no error in dismissing the petition on demurrer.

JANUARY 15, 1916.

Equitable petition. Before Judge Pendleton. Fulton superior court. December 21, 1914.

*Simmons & Simmons* and *Gober & Jackson,* for plaintiff.

*Moore & Branch, G. A. K. Stevens,* and *C. T. & L. C. Hopkins,* for defendants.

EVANS, P. J. On June 23, 1902, a dispossessory warrant was issued at the instance of Ida Williams against Sylvania Thomason, John Cox, and Mrs. John Cox, to remove them from a described

tract of land, as tenants holding over. This warrant was served by a constable; and thereupon Sylvania Thomason and her codefendants filed a petition against the plaintiff in the eviction proceeding and the constable, alleging as follows: Sylvania Thomason is a duly and legally adopted daughter and only heir at law of George W. Thomason, who died in May of the year 1902, and who at the time of his death owned and was in possession of the land described in the dispossessory warrant. He died testate, and devised all of his property to Sylvania Thomason. The will was duly probated, and the nominated executor, Jasper N. Smith, qualified as such. Sylvania Thomason is in possession of the land as the heir of Thomason, and also under the will, with the approval and consent of executor, and John Cox and his wife are in her employment, and in possession of the premises as her employees. She is informed that the claim of Ida Williams is by virtue of a voluntary deed from George .W. Thomason, conveying to her a remainder interest after the death of the grantor. This deed is void for the reasons that it was executed under duress, and that the grantor was of unsound mind. There is a bona fide dispute, so far as Sylvania Thomason is concerned, as to whether Ida Williams has any semblance of title to the property. Sylvania Thomason claims that the title to the property was in George W. Thomason,' and after his death vested in his devisees ·or heirs. She denies the existence of the relationship of landlord and tenant, and alleges the insolvency of the defendants to the eviction proceeding, and their inability to give the bond and security required by the statute as a condition of filing a counter-affidavit. The prayer of the petition was for an injunction against the defendants' proceeding further with the dispossessory warrant, and for general relief.

Ida Williams answered, denying the essential allegations of the petition, and setting up that on October 7, 1907, George W. Thomason executed to her a deed to the premises in consideration of the sum of five dollars, the receipt of which was acknowledged, and in further consideration of love and affection which he bore to the grantee, and of her agreement to allow the use and occupancy of the premises by the grantor and his wife during their respective lives, free of rent. This deed was recorded on the same day it purported to have been executed. At the trial term the following

order was passed by the court: On motion of plaintiff's attorneys Jasper N. Smith, executor of the last will and testament of George W. Thomason, deceased, is made a party plaintiff to this case. This November 9, 1903." On the same day the jury returned a verdict for the defendant, Ida Williams, against the plaintiffs, Sylvania Thomason Hubbard, and others, on all the issues in the case, and found that the deed from George W. Thomason to Ida Williams described in the pleadings was valid, and not void for any reasons alleged in the pleadings, or otherwise. This verdict was made the judgment of the court.

To the November term, 1914, of Fulton superior court Sylvania Thomason Hubbard, through her next friend, George H. Wade, filed a petition against the constable and Ida Williams, defendants in the former suit, John Cox and Mrs. John Cox, her coplaintiffs therein, and David N. Williams and William T. Healey, praying to set aside the judgment and decree in the former suit, on the ground that she was an idiot from birth, and incompetent to employ counsel to institute the proceeding. She further alleged, that there were other reasons why she should have prevailed in that suit had she been properly represented by a guardian or next friend, because George W. Thomason, under whom the defendants claim title, was not related by blood or marriage to Ida Williams, and the conveyance to her was purely voluntary, and that subsequently to that conveyance, to wit, on June 16, 1900, George W. Thomason, for a valuable consideration, conveyed the same property to petitioner by deed; that on account of the condition of her mind she was unable to furnish any information to the lawyers conducting her case or advise them respecting it; that the verdict was the result of agreement between the parties, and not binding on her, as she was incapable of entering into a consent verdict and decree; that afterwards, on January 9, 1904, Ida Williams conveyed by warranty deed to David N. Williams, her brother, one half undivided interest in the property, and on May 27, 1911, Ida Williams and David N. Williams conveyed a certain described portion of the property to William T. Healey. The petitioner prayed that the verdict and judgment be set aside as a cloud upon her title, and for general relief. Various demurrers were filed by the defendants. The plaintiff amended by alleging, that the estate of George W. Thomason was not made a party to the suit as origi-

nally brought; that the estate has no interest in the subject-matter of the litigation; that prior to the death of Thomason he conveyed the land to petitioner, and also executed a last will which was duly probated, wherein he devised the land to her, subject to the payment of his debts; that no person was interested in the suit eventuating in the judgment sought to be set aside, except Ida Williams; that the order of the court making Jasper N. Smith, executor of George W. Thomason, a party was not effective to make him a party, because the executor did not personally apply to be made a party plaintiff, nor was there any petition by the defendant asking that he be made a party; that he was not a necessary party, that the passing of an order making him a party at the instance of the plaintiff did not have the legal effect of making him a party to that litigation; that said executor was discharged from the administration of the estate in April, 1904; that petitioner is the sole heir at law and legatee of George W. Thomason; that there are now no debts against his estate, nor is there any administration upon it; that, through her next friend, she applied to the court of ordinary for administration with the will annexed of the estate of George W. Thomason, and the defendants filed a caveat, which was sustained by the ordinary, and that caveat is now pending on appeal in the superior court; and that if the court should be of the opinion that the representative of the estate of George W. Thomason is a necessary party, she prayed that the court withhold any final order sustaining the demurrer to the original petition until administration could be had upon the estate. The petition was dismissed on demurrer.

The present petition is projected on the theory that the court was without jurisdiction to entertain the suit in which the judgment was rendered which is sought to be set aside, because the plaintiff was an idiot who could not sue without a guardian or prochein ami; but a reference to the pleadings in that case will show that the suit was brought by her and two other plaintiffs, to enjoin a process directed against all of them. Although two of the plaintiffs alleged themselves to be in possession as employees of the present plaintiff, they were interested in preventing their ejection under the dispossessory process. It can not therefore be said that they had no interest in the suit. It was also alleged in that proceeding that there was a bona fide contest between the plaintiff in the present

proceeding and Ida Williams, as to the title to the land. The plaintiffs therein charged that the deed executed to Ida Williams was void, for specific reasons; set up that both she and the present plaintiff were claiming title from a common source; and made the issue as to the right to maintain the proceeding dependent on the invalidity of the defendant's title. Sylvania Thomason claimed as heir at law and as grantee and legatee of George W. Thomason. Obviously the issues attempted to be made could not be properly determined without the representative of George W. Thomason being made a party to that suit. He was made a party by formal order of the court, and on the same day the verdict and judgment were taken. It is not alleged that he did not participate in the trial and disposition of the case. No complaint is made by him, nor any attempt to set aside the decree for any fraud practiced upon him. The estate of Thomason would be a necessary party to vacate the judgment which is attacked; and even if the representative of the estate should be made a party, under the allegations in the petition no reason appears why it should be vacated as to the estate.

Furthermore, two of the defendants are alleged to be purchasers, and they are not charged with having knowledge of the plaintiff's imbecility. No fraud is alleged against the attorneys who instituted the suit in her behalf. The petition in the former case purports to have been verified by the plaintiff before a notary public. It further appears that in bringing the suit the plaintiff is described as Sylvania Thomason, while in the verdict rendered therein she is described as Sylvania Thomason Hubbard. No explanation is given as to the change of name. A reasonable inference would be, that, notwithstanding her present allegation of idiocy, she contracted a marriage, by which her name was changed. The will of Thomason is annexed, and he refers to the services which had been rendered him as the moving cause of the bequest of his entire estate to her. These facts are adverted to as tending to show that her allegation that she is an idiot is to be taken in connection with and as qualified by the other facts appearing in the case. The present suit was filed eleven years after the decree which is sought to be set aside was rendered; and we do not think it was error to dismiss the petition on general demurrer.

With respect to the assignment of error that some of the demur-

rers were special, and that the court should have allowed time for amendment, it appears that the plaintiff, after the demurrers were filed, did undertake to amend her petition, and there was no request to the court for time in which to further amend. The defendants renewed their demurrers to the petition as amended, and there was no error in the judgment rendered by the court with respect thereto.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent, and Lumpkin, J., disqualified.*