## DALLAS JOINT STOCK LAND BANK OF DALLAS V. NEWMAN PHILLIPS, DISTRICT JUDGE, ET AL.

No. 6785. Decided November 21, 1934.
(76 S. W., 2d Series, 1038.)

*Renfro & McCombs, J. A. Kilgore,* all of Dallas, and *Walter H. Walne,* of Houston, for relator.

*John Davis, of Dallas,* for respondent.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This case is before us on petition for mandamus by the relator to require the Judge of the 116th District Court, Dallas County, to proceed to trial in a pending cause, No. 6230, styled the Dallas Joint Stock Land Bank v. Miriam A. Ferguson et al. The uncontroverted facts stated below appear from the petition for mandamus.

On January 15, 1923, the respondents Miriam A. Ferguson and her husband, James E. Ferguson, executed and delivered to the relator their note in the principal sum of $40,000.00, payable in installments, and at the same time executed a deed of trust securing the payment thereof on certain lands in Bell County. Upon default in the payment of the note according to its terms, the relator, on the 14th day of December, 1933, filed the suit above named in the District Court of Dallas County, for recovery on the note and foreclosure of the lien

evidenced by the deed of trust. On May 7, 1934, the defendants in the cause filed an application for its continuance under the terms of the Texas Moratorium Act, Chapter 16, Acts of the Second Called Session of the 43d Legislature, 1934. Answer was duly made contesting the application, and upon hearing the District Court sustained the validity of the Moratorium Act, and continued the cause until January 1, 1935, upon condition that the defendants pay into the registry of the court the reasonable rental value of the land involved for the remainder of the year 1934, which the court found and fixed. The relator duly excepted to the court's action.

From the foregoing statement it is apparent that this case is similar to others of this series of cases, and must take the same course.

In the case of the Travelers' Insurance Co. v. Marshall, this day deceided, ante, p. 45, we have held the Moratorium Act here involved unconstitutional and void, because in violation of Sec. 16, Art. 1, of the Constitution of Texas, prohibiting the enactment of laws impairing the obligation of contracts. The law, being void, afforded no ground for the action of the district judge in staying the trial of the case in his court, and his action in granting the stay order, in the form of a continuance, was void. He should have proceeded to trial and judgment in the case in accordance with the principles and usages of law in disregard of the void Moratorium Act.

The mandamus is awarded.