### WASSON v. COLLINGS et al.
### No. 2212.

Court of Civil Appeals of Texas. Eastland.
March 21, 1941.

Thomas & Thomas, of Big Spring, for relator.

Cecil C. Collings, of Big Spring, for respondents.

LESLIE, Chief Justice.

This is an original mandamus proceeding in this court by A. L. Wasson, seeking to have this court issue a writ of mandamus requiring the Hon. Cecil C. Collings, District Judge of the 70th Judicial District of Texas (and others), to set down for trial and try cause No. 3807, styled A. L. Wasson v. J. S. Garlington et ux., on the docket of the District Court of Howard County, Texas. The application for mandamus is in substance the same as that reflected by this court's opinion in Wasson v. Collings, 145 S.W.2d 915. It will, therefore, be unnecessary to further state in full the factual background of this proceeding. The relief sought on the former occasion was not granted chiefly for the reason that the allegations of the petition made it appear that the assets of J. S. Garlington and wife were then under the jurisdiction of the Federal Court and were being administered in a bankruptcy proceeding under the Frazier-Lemke Act, 11 U.S.C.A. § 203. After this court's opinion in 145 S.W.2d 915, the plaintiff (below) A. L. Wasson was permitted to file in the trial court a First Amended Original Petition in said cause 3807. In that petition he alleged specifically that the Federal Court had theretofore "entered a final decree and judgment dismissing all the land described in said petition from * * * the control of the court administering (the same) under the Frazier-Lemke Act", etc. A copy of that court's order and decree was attached to the petition as Exhibit A.

The application for mandamus in the instant proceeding brings forward these matters and now presents them to this court. It is again alleged the court declined to try the cause, etc.

This application was set for submission March 13, 1941, and the respondents notified thereof. No answer or reply has been filed.

It is disclosed that the Garlingtons had theretofore instituted "cause No. 1864 in the matter of J. S. Garlington and wife, Farm Debtor in proceedings for composition and extension under section No. 75" (Lemke Act). It was from this proceeding that the subject matter of this litigation was relinquished. The order of the Federal Court, after setting out and finding that said Wasson held a first lien as security for a large amount of money against the land herein involved, decreed as follows:

"Sixth. That since September 1, 1937, Farm Debtor has done nothing to enhance the value of said land but has permitted

the improvements thereon to deteriorate in value.

"Seventh. That there is no equity in said land above said indebtedness.

"Eighth. That it would be burdensome to the estate for this court to administer said land.

"Ninth. That it would be beneficial to and for the best interest of this estate that said land be discharged from this proceeding and withdrawn from administration herein and that the same be abandoned to the holder of said indebtedness and that such holder be permitted to pursue his remedies outside the jurisdiction of this court.

"It is therefore ordered, adjudged and decreed by the court that the motion of A. L. Wasson that the land described as sections 20, 21, 22 and 23 in Block 25 of the H&TC Ry. Co. Survey in Howard County, Texas, and as security for his debts, be discharged from the administration of this court, and that the same be abandoned to him, and that he be permitted to foreclose his liens in the State Court or otherwise as provided for in his notes and deeds of trust, be and it is hereby in all things sustained and confirmed and said land is hereby discharged from the administration of this court, and abandoned to said creditor A. L. Wasson, and he is hereby permitted to foreclose his liens in the State Court or otherwise in accordance with his notes and deeds of trust and contracts with Farm Debtor outside the jurisdiction of this court."

In Wasson's prior application to this court for mandamus the above facts and circumstances were not disclosed, and evidently they had not been sufficiently disclosed to the District Judge of Howard County. With the evidence before him he was warranted in assuming that the land involved in this litigation and above described was among the Garlington assets then being administered under the jurisdiction of the bankruptcy court. Since it is now made to appear that the Federal Court has relinquished these assets for the reason above stated in its order, there appears to be no legal obstacle barring Wasson from an early trial and determination of the issues arising in said cause in accordance with law and "agreeable to the principles and usages of law." Dallas Joint Stock Land Bank v. Phillips, 124 Tex. 106, 76 S.W.2d 1038; Bergholm v.

Peoria Life Ins. Co., Tex.Civ.App., 63 S. W.2d 1064, 1065; Cox v. Hightower, 19 Tex.Civ.App. 536, 47 S.W. 1048.

Under the present status of relator's pleadings and testimony, it is the opinion of this court that said Judge Collings should set said cause for trial and determination at a proper date during the April, 1941, term of the District Court of Howard County, Texas. If on receipt of notice of the entry of this order from the Clerk of this Court, the Hon. Cecil C. Collings, District Judge, signifies his willingness to so set and determine the issues of said cause, the Clerk of this Court will refrain from issuing any writ of mandamus; otherwise, the same will issue as prayed for. It is so ordered.