**GARLINGTON et al. v. WASSON et al.**

No. 10656.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1943.

Rehearing Denied Jan. 12, 1944.

Elmer McClain, of Lima, Ohio, and Thos. E. Hayden, Jr., and D. M. Oldham, both of Abilene, Tex., for appellants.

Clyde E. Thomas, of Big Spring, Tex., for appellees.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

The appeal is from an order dismissing an amended petition in bankruptcy under Section 75, sub. s, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s.

The appellants, as farmer debtors, filed a petition for composition and extension on July 26, 1939. After due proceedings the conciliation commissioner reported a failure to secure an agreement with creditors and on October 23, 1939, the judge ordered that the proceeding be dismissed without prejudice to the right of the debtors to amend their petition and proceed under the Bankruptcy Act as therein provided. On October 25, 1939, the debtors filed with the Clerk an amended petition praying to be adjudicated bankrupts under Section 75, sub. s, and annexing schedules of debts and assets. The creditors were mostly secured by some 3,500 acres of land. There were twelve unsecured creditors in small amounts. No adjudication was ever made. On November 1, 1939, the appellee, Wasson, who was the largest creditor in an amount of over $18,000, petitioned the court to the effect that the farmer debtors had paid no part of the purchase money of the 2,500 acres of land securing him, had allowed taxes to accumulate, and there was no equity in the land, and it ought to be abandoned to this petitioner and he be permitted to pursue his remedies in the State courts. After a hearing and a finding that there was no equity in the land and it would be burdensome to the estate, and to the benefit of all to discharge it from the proceedings, it was so ordered on December 4, 1939. The farmer debtors took an appeal, but did not prosecute it. Instead, they litigated with appellee Wasson in the State courts, the litigation ending January 4, 1943, by the denial in the Supreme Court of the United States of a certiorari to the Supreme Court of Texas. Garlington v. Was-

son, 318 U.S. 800, 63 S.Ct. 758. Meanwhile, apparently the farmer debtors remained in possession of their remaining 1000 acres of land. This has been sold off by private sales under permissive orders of the court during December, 1942, and January and February, 1943, as a result of which the incumbrances on it have been discharged and several thousand dollars in money have been received by the farmer debtors. On January 14, 1943, the judge, seemingly on his own motion, took up the case and reviewed it, and finding that no amendment under Section 75, sub. s, had been filed, granted permission to file one by February 1, 1943. A second amendment was accordingly filed on that date, which referred to that filed October 25, 1939. The judge then had a hearing on March 2, 1943, as a result of which he found that the debtors had not prosecuted the case as required by law and General Order 50 (4), 11 U.S.C.A. following section 53, that the proceeding was instituted more than three years before the filing of the amended petition and before this order, and that it be stricken and no further proceedings be had therein. This is the order appealed from.

It may be the judge was adhering to his former finding that the amended petition of October 25, 1939, was never filed, and that of February 1, 1943, was the only one before him. We will, however, consider that he means the one filed with the clerk October 25, 1939, was never prosecuted, but was abandoned, and that the one filed February 1, 1943, was too late.

■■■ The filing of the first amended petition was timely, and a matter of right. John Hancock Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176. But the farmer debtors were not automatically entitled to the benefits of Subsection s. They ought to have brought the amendment to the attention of the judge, or of the conciliation commissioner who acts as referee in bankruptcy under Subsection s (4), so that they might be adjudged bankrupts and the machinery of Subsection s be put into action. This amended petition did not pray for an appraisal of the property and the setting aside of any to be possessed by the bankrupts under the supervision of the court. It does not appear that such a request was ever made. Under Subsection s it takes a request by the bankrupt to secure this relief, and it would seem that the request must be made along with the amendment of the petition or at the first meeting of creditors. Since there was no adjudication, we presume there was no meeting of creditors. Wasson was the only creditor giving trouble, and he was at once separated from the impending bankruptcy, as has been stated. Everyone else seems to have been satisfied in some way, possession of 1,000 acres of land was peaceably enjoyed for three years, and then voluntarily surrendered by sales. It seems that the benefits of Subsection s have been substantially enjoyed, except as touching Wasson and his land. General Order 50(4) does not appear to be involved, but we think the judge was warranted in holding that the amended petition, never having been even prosecuted to an adjudication, was not prosecuted according to law, but was abandoned, and ought not to be revived to enable the petitioners to attempt to have another three years to redeem the Wasson land.

■■■ Still more clearly was the dismissal of the second amended petition justified. While Subsection s fixes no time within which the amendment shall be made, it is intended that it be promptly done. The whole relief is expected to be ended after three years, and to wait more than three years to begin it is surely not permissible.

Appellants are of course entitled by new proceedings in bankruptcy to obtain a discharge from the deficiency judgment which Wasson is said to have obtained against them, as from any other dischargeable debts they may owe. Wasson's debt could be reached by reviving the first filed amended petition, but we think it was within the discretion of the court to refuse to revive a stale proceeding, leaving appellants free to file a new one if they desire. Compare Wragg v. Federal Land Bank, 317 U.S. 325, 63 S.Ct. 273.

Judgment affirmed.