**GARCIA et al. v. RAMOS et al.**

No. 11790.

Court of Civil Appeals of Texas.
San Antonio.
Jan. 7, 1948.
Rehearing Denied Feb. 4, 1948.

Weatherly & Weatherly, of Falfurrias, for appellants.

Sam G. Reams and Markel Heath, both of Falfurrias, for appellees.

MURRAY, Justice.

We take the following statement of this case from appellants' brief:

"This is a bill of review, brought principally on behalf of an aged Spanish-American spinster and her aged sister, to prevent their being evicted from their homestead, two lots and a house in Falfurrias. Being tenants in common of the homestead, and the spinster having a lifetime homestead right therein, a default judgment was

rendered against them in the District Court of Brooks County in a trespass to try title suit brought by some of the tenants in common. Appellants thereafter brought this bill of review, alleging that they were and are aged and ignorant of court proceedings; that they were told by the deputy sheriff who served the citations that they need not appear till he notified them; and that, relying on this and on good faith of their relatives, the tenants in common who filed the original suit, to make a full and true disclosure to the Court, they failed to answer; but that these relatives perjuriously concealed appellants' rights from the Court. Appellees, purchasers from these relatives, but allegedly with knowledge of appellants' rights, filed an exception in the nature of a general exception. The trial court sustained the exception and dismissed the suit. Plaintiffs appeal."

It appears from this statement that appellants give as their excuse for not answering in the original cause and thus permitting a default judgment to be taken against them, that being aged and ignorant of court proceedings, they relied upon the promise of the deputy sheriff, who served the citation on them, to the effect that he would notify them when it was necessary to attend court, and, secondly, that they relied upon the plaintiffs, who were their relatives, to make a full disclosure of the facts and not commit perjury.

■ This is a suit to set aside a judgment against appellants rendered at a former term, which has expired. Appellants have alleged a good defense to the cause of action, but they have failed to allege facts which show that they were prevented from making such defense, by fraud, accident or the wrongful act of appellees, unmixed with any fault or negligence of their own, as they are required to do before they can secure relief by means of an action in the nature of a bill of review.

■ They allege that they depended upon the deputy sheriff to notify them when to come to court. In doing so they made him their agent, and when he. neglected to so notify them it was the negligence of their own agent. It is not shown that ap-

pellees were in anywise responsible for the deputy sheriff making such promise or for his failure to keep his promise. Hooser v. Wolfe, Tex.Civ.App. 30 S.W.2d 728.

■■ Appellants next contend that they were tenants in common with appellees' vendors and relied on a full and true disclosure to the court by them, but, instead, appellees' vendors perjuriously concealed from the trial court the true facts. Failure of an opposite party to furnish evidence to present defendant's defense, or even concealing such defense by committing perjury at the trial, can not be grounds for setting aside a final judgment. Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983.

■■ In Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94, 97, Mr. Justice Sharp, speaking for the Supreme Court, said:

"Fraud is classified as intrinsic or extrinsic. Included in the term 'intrinsic fraud' are false testimony, fraudulent instruments, and any fraudulent matter that was presented and considered in rendering judgment. Intrinsic fraud does not furnish a ground, in an independent suit brought for that purpose, for setting aside a judgment. Fraud must be extrinsic to justify the setting aside of a judgment, and must be collateral to the matter tried, and not something which was actually or potentially in issue in the trial."

■ In State v. Wright, Tex.Civ.App., 56 S.W.2d 950, 952, it is said:

"But the fraud which will authorize vacation by the court of its former judgment in such case must be what has been termed 'extrinsic fraud.' By that is meant fraud by the other party to the suit which has prevented the losing party either from knowing about his rights or defenses, or from having a fair opportunity of presenting them upon the trial."

There would be no finality to judgments if they could be set aside at subsequent terms upon an allegation that perjured testimony was given at the trial. Where there is a conflict of evidence it can always be contended that there was perjured testimony. O'Meara v. O'Meara, Tex.Civ. App., 181. S.W.2d 891.

The trial court properly sustained appellees' exceptions to appellants' petition and upon appellants' refusal to amend properly dismissed the cause.

The judgment is affirmed.