**J. S. GARLINGTON et al., Appellants,**

**v.**

**A. L. WASSON et al., Appellees.**

**No. 3153.**

Court of Civil Appeals of Texas.

Eastland.

April 8, 1955.

First Motion for Rehearing Denied May 13, 1955.

Second Motion for Rehearing Denied June 3, 1955.

Donald & Donald, T. B. Coffield, Bowie, for appellants.

Thomas, Thomas & Jones, Big Spring, Perkins & Bezoni, Midland, for appellees.

GRISSOM, Chief Justice.

J. S. Garlington and son, Donald Garlington, have appealed from a judgment denying them recovery against A. L. Wasson and N. H. Reed. This suit was filed on June 22, 1948, as a suit in trespass to try title, by J. S. Garlington and wife against Wasson and wife and N. H. Reed. Appellees filed a plea in abatement to the effect that J. S. Garlington should be compelled to sue through a guardian because he was then of unsound mind, being afflicted with "suititus." The transcript does not show when this plea was filed. It does show that Mrs. J. S. Garlington died and on November 9, 1953, an amended petition and plea in intervention was filed by Donald Garlington, individually and as next friend for his father, J. S. Garlington, who was alleged to be of unsound mind. It was in the nature of a bill of review to set aside a judgment of the District Court of Howard County in cause number 3807, rendered against J. S. Garlington and wife, on May 24, 1941, wherein judgment for title and possession of the four sections of land in controversy was rendered for A. L. Wasson. The grounds alleged for setting aside the 1941 judgment were (1) that J. S. Garlington was of unsound mind and had been since before signing a deed of trust to secure a loan made to Garlington by Wasson in September, 1937, and that Wasson and N. H. Reed, who purchased the land from Wasson, knew, or should have known, thereof but did not inform the court of his condition; (2) because the deed of trust sale under which Wasson claims title was void because made on January 2, 1940, between 10:00 A.M. and 4:00 P.M., although an order discharging the land in controversy from a bankruptcy proceeding provided J. S. Garlington should have until "on or before January 2, 1940" to pay Wasson and (3) because J. S. Garlington was of unsound mind and unable to present other alleged defenses to Wasson's suit. Defendants excepted to said bill of review because there was no allegation that ex-

cused the long delay in bringing this suit to set aside a judgment rendered in May, 1941. In this connection appellees alleged that Mrs. J. S. Garlington died intestate in September, 1951, and Donald Garlington, who inherited her interest, if any, did not bring this suit until November, 1953, and that plaintiffs should be now precluded from asserting said cause of action. Defendants excepted on the ground that defendants had no duty to care for the interest of J. S. Garlington, even if he was insane, because there was no allegation that Mrs. Garlington was insane and if Garlington was of unsound mind no reason was alleged excusing Mrs. Garlington or Donald from sooner asserting his mental incapacity, nor was there any allegation that the Garlingtons were not represented by counsel who could have but did not present any defense and that their claim of fraud was asserted too late, because the defenses now asserted could have been presented earlier by Mrs. Garlington, Donald, or their counsel and the cause of action for setting aside the 1941 judgment was barred by the statutes and laches and the 1941 judgment was res adjudicata. They excepted because the facts alleged did not constitute a meritorious defense to either the sale under Wasson's deed of trust or to the suit that terminated in the 1941 judgment. Defendants alleged the Garlingtons employed an attorney who had the reputation of being a capable lawyer; that said lawyer filed an answer in cause 3807 in the District Court of Howard County and appeared therein as counsel for the Garlingtons and appealed from said judgment to this court, the Supreme Court of Texas and the United States Supreme Court; that if Garlington was of unsound mind, his wife and son and counsel could have, but did not, present such defense and it was thereby waived. Defendants alleged in detail the many legal proceedings engaged in by Garlington and wife during the period of Garlington's alleged insanity and the many attorneys who represented them; that the Garlingtons appeared in person and took an active part therein, consulted with their attorney, furnished

evidence and testified, and defendants cited their many appeals and alleged that Garlington's insanity was never asserted and that N. H. Reed purchased the land without notice and for a valuable consideration.

On May 17, 1940, J. S. Garlington and wife, acting through their attorney, filed a plea in abatement in cause number 3807 in the District Court of Howard County to the effect that the four sections were within the exclusive jurisdiction of the United States District Court in bankruptcy and that the District Court of Howard County had no jurisdiction thereof and that Wasson was claiming said land as purchaser at the sale under Wasson's deed of trust and that said sale was void because sold before midnight on January 2, 1940, under the bankruptcy court's order discharging the land from said proceeding, Garlington had until midnight to pay Wasson. The Garlingtons prayed that the trustee's deed to Wasson be cancelled and that they be awarded title and possession. On January 7, 1941, Wasson filed an amended petition in cause 3807 in the District Court of Howard County in which he alleged the execution by J. S. Garlington and wife of the deed of trust on said land in September, 1937, to secure Wasson's loan of $5,000, sale under said deed of trust and Wasson's purchase at the trustee's sale. Wasson alleged the bankruptcy court had rendered a final judgment discharging the land from control of that court. Wasson prayed for judgment awarding him possession of the land, decreeing that the foreclosure of his deed of trust lien was valid and that he had the fee simple title to the land. On May 24, 1941, the District Court of Howard County in case 3807 rendered judgment awarding title and possession to A. L. Wasson. This is the judgment Donald and J. S. Garlington seek in the present suit to set aside. Said judgment expressly declared the sale under Wasson's deed of trust was valid and that the trustee's deed conveyed title to Wasson. Said judgment recites that J. S. Garlington and wife appeared in person and by their attorney, announced ready for trial, waived a jury

and submitted the case to the court. The Garlingtons introduced in the present case their answer in cause 3807, signed by their attorney, in which they alleged, among other things, that the land was within the sole jurisdiction of the Federal Court and the state court had no jurisdiction of the subject matter. Evidence was introduced by them in the trial of cause 3807 in support of said plea. The judgment in cause 3807 recites that the Garlingtons excepted and gave notice of appeal to this court. They did appeal to this court but their appeal was dismissed on February 13, 1942, because J. S. Garlington and wife had not filed briefs. That opinion was not published. The Supreme Court of Texas, on April 22, 1942, refused the Garlingtons' application for a writ of error and the Garlingtons applied for a writ of certiorari which was denied by the Supreme Court of the United States on January 4, 1943.

In September, 1940, J. S. Garlington and wife, through the same counsel who represented them on the trial of cause 3807, sought another continuance of case 3807 because they could not withdraw the original papers in the bankruptcy proceeding to introduce in support of their plea in abatement. This motion was overruled. But, during that trial of cause 3807, J. S. Garlington and wife introduced copies of the bankruptcy proceedings in support of their plea in abatement. Thereupon, the Court granted the Garlingtons a continuance. On October 19, 1940, Wasson filed a petition for mandamus in this court to compel the District Judge to enter judgment or again try the case number 3807 and render judgment. This court refused to grant said petition for mandamus saying we presumed the District Judge would proceed to try the case "as soon as the jurisdiction of the Federal Court has been relinquished over the property involved." Wasson v. Collings, Judge, Tex.Civ.App., 145 S.W.2d 915, 917.

On January 7, 1941, Wasson repleaded and alleged the United States Court had discharged the land from its control and, in another attempt to get a trial, filed another petition for mandamus in this court. This court quoted from the order discharging the land from the bankruptcy proceeding and permitting Wasson to foreclose his lien in the state court, or otherwise. We said:

."Since it is now made to appear that the Federal Court has relinquished these assets for the reason above stated in its order, there appears to be no legal obstacle barring Wasson from an early trial and determination of the issues arising in said cause in accordance with law and 'agreeable to the principles and usages of law.'" Wasson v. Collings, Judge, Tex.Civ. App., 149 S.W.2d 1041, 1042.

On May 17, 1941, J. S. Garlington and wife, through their attorney, filed an amended answer in cause 3807 setting up the same plea in abatement and alleging defects in the deed of trust sale, a general denial and a plea of not guilty. On May 24, 1941, cause 3807 was tried with J. S. Garlington and wife and their counsel present and participating. The judgment J. S. and Donald Garlington now seek to set aside was rendered at the conclusion of that trial.

For other proceedings involving the land in controversy see Garlington v. Wasson, 5 Cir., 139 F.2d 183, certiorari denied, 322 U.S. 734, 64 S.Ct. 1046, 88 L.Ed. 1568, rehearing denied, 322 U.S. 770, 64 S.Ct. 1260, 88 L.Ed. 1596. There were others. The records in this court and the books show that in all these proceedings, except the second mandamus proceeding in this court, J. S. Garlington and wife were represented by able counsel.

As heretofore shown, on June 22, 1948, J. S. Garlington and wife filed the present suit as a simple suit in trespass to try title against Wasson and Reed. Defendants answered by a plea in abatement to the effect that the case should be dismissed or a guardian appointed for J. S. Garlington. Thereafter, on November 9, 1953, according to the transcript, this bill of review was filed. Mrs. J. S. Garlington having

died, Donald Garlington intervened as a plaintiff, individually and as next friend of J. S. Garlington, "a person of unsound mind." They alleged that prior to September 1, 1937, Wasson volunteered to make a loan secured by a deed of trust lien on the land; that Wasson was actuated by fraud; that, due to mental incapacity, J. S. Garlington was unaware thereof, which fact was known to Wasson, and pursuant to such "illegal plan and scheme Wasson procured J. S. Garlington and wife to sign their names to a deed of trust covering the land in controversy"; that J. S. Garlington was then of unsound mind and has been ever since; that Wasson knew or, by the exercise of reasonable diligence, should have known thereof; that, about January 3, 1940, Wasson filed suit number 3807 in the District Court of Howard County against J. S. Garlington and wife and obtained a judgment therein on May 24, 1941; that in said suit no guardian acted for Garlington; that Wasson and Reed knew Garlington was of unsound mind or, by the exercise of reasonable diligence, should have known thereof, but they "permitted said judgment to be rendered, and to become final without apprising the court of the unsound mental condition of J. S. Garlington"; that said judgment purported to vest title out of the Garlingtons into Wasson; that it was "void and voidable" and should be set aside because the sale was conducted between 10:00 A.M. and 4:00 P.M. on January 2, 1940, in violation of the order of the bankruptcy court which provided the Garlingtons should have until on or before January 2, 1940, in which to pay their debt to Wasson and that, therefore, the trustee's deed to Wasson, dated January 2, 1940, was void and should be cancelled. The Garlingtons alleged that when Wasson procured advertisement of the deed of trust sale on January 2, 1940, the land was in "custodia legis"; that no order releasing said land from the bankruptcy court had become final and the trustee had no authority to advertise it for sale. This defense was well presented and determined against the Garlingtons in the trial of 3807. The Garlingtons offered to do equity, alleging

said land should be awarded to them, subject to payment to Wasson or Reed of the amount owing, with credit for the rental value. The Garlingtons further alleged that said acts constituted a fraud on appellants and were good defenses to appellees' suit number 3807 in the District Court of Howard County, wherein title and possession were awarded Wasson, and that such defenses would have been successfully asserted but for the unsound mind of J. S. Garlington.

The alleged Donald Garlington was the only child of J. S. Garlington and his wife, who died intestate in 1951, and that, therefore, Donald had succeeded to an undivided one-half interest in the land in controversy.

We have before us the record on appeal in case 3807, wherein judgment was rendered against J. S. Garlington and wife in May, 1941. It shows that prior to that trial Garlington and wife had obtained two or more continuances, one on account of the absence of their counsel who tried the case, who was then sick, and another for the purpose of obtaining the order discharging the land in controversy but giving the Garlingtons until on or before January 2, 1940, to pay Wasson. The record shows that the case was not tried for more than a year and four months after it was filed. The record shows the Garlingtons were present in person and by counsel and moved for another continuance in May, 1941, which was overruled; that they strenuously urged their plea in abatement to the effect that the land was still within the exclusive jurisdiction of the Federal Court and they introduced in evidence the bankruptcy proceedings and the testimony of the Conciliation Commissioner with reference to custody of said land by the bankruptcy court, and the petition and order therein. They also introduced evidence for the purpose of showing that notices of the trustee's sale were not properly posted. The record shows they excepted to the overruling of their plea to the jurisdiction and that they appealed from said judgment and filed in this court a transcript and statement of facts. The statement of facts shows that J. S.

Garlington was called as a witness by Wasson; that he testified and testified, intelligently; that the Garlingtons called witnesses and, through their counsel, examined them and that they were ably represented in the trial by their counsel, who had also represented them prior to the trial. There was evidence at said trial that at the sale of the land under Wasson's deed of trust Donald Garlington was present; that he was asked if he wanted to bid and said he did not; that Donald Garlington then looked like a man 24 or 25 years of age and that he was associated with his father and they were farming together under the name of "J. S. Garlington & Son, Farms." There was evidence that J. S. Garlington had been elected and served as County Judge of Howard County. See City of Big Spring v. Garlington, Tex.Civ.App., 88 S.W.2d 1095. There is no claim by appellants that the Garlingtons were not well represented by their counsel or that there was any lack of diligence or fidelity to their interests on his part. See Cayce v. Powell, 20 Tex. 767, 768, 771. There was evidence of a prior attempt by Wasson to sell the land under his deed of trust and that such sale was avoided by the Garlingtons "taking the Frazier-Lempke Act."

While the Garlingtons, in this bill of review proceeding, alleged Wasson and Reed knew, or should have known, that J. S. Garlington was at all pertinent times of unsound mind, they nowhere allege that Mrs. Garlington was of unsound mind. They do not attempt to allege or prove that Mrs. Garlington or their son, Donald, who at this late date, intervenes and asserts on behalf of his father that he was during said long period of time of unsound mind, did not then know of such mental condition, if it existed, and they make no effort by pleadings or evidence to excuse the delay of, at least, seven years in asserting such condition. Actually, the record does not show that it was asserted until late in 1953. The judgment sought to be set aside was rendered in May, 1941.

Appellants neither alleged nor proved any fact that they were prevented by the act of their adversary from properly presenting and having determined on the trial of cause 3807 in 1941. There is neither pleading nor evidence showing that Mrs. Garlington, the son, or their counsel did not know J. S. Garlington's mental condition when case 3807 was tried in 1941, or that they did not know of or were prevented from then setting up every defense they now assert. Under such circumstances, certainly, Mrs. Garlington should be held bound by said judgment. Donald Garlington, individually, asserts only his mother's former interest in the property and is likewise bound by said judgment. Mrs. Garlington should be held to the use of the ordinary diligence of other suitors, otherwise, there would be no conclusiveness in judgments to which married women are parties. Cayce v. Powell, 20 Tex. 767, 768, 771. The record before us in case 3807 shows the Garlingtons were present in court at the trial of cause 3807; that they were ably represented by counsel, who had previously represented them; Donald Garlington was present at the sale under Wasson's deed of trust and, yet, according to this record, they waited from May, 1941, until after said cause had been lost in the District Court, this court, the Supreme Court of Texas and the United States Supreme Court and had many proceedings and appeals in the Federal courts before they, in 1953, saw fit to assert that J. S. Garlington was of unsound mind when he executed the deed of trust in 1937 and when cause 3807 was tried in 1941. It is inconceivable that if J. S. Garlington was then of unsound mind, his counsel, his wife and his son, the son being associated with him in business, did not know of such condition when case 3807 was tried, but Wasson and Reed did know thereof. On the hearing of the bill of review they introduced a member of J. S. Garlington's family, J. S. Garlington's brother and former business partner, who testified that J. S. Garlington had been of unsound mind since 1918. Yet, the Garlingtons here alleged Wasson and Reed knew, or by the exercise of diligence, should have known, that Garlington was of unsound mind when cause 3807 was tried and should have apprised the court of that

fact. The court had seen Garlington in connection with case 3807 many times before it was finally tried and judgment rendered. Unquestionably, if J. S. Garlington was then of unsound mind, his wife, his son and his counsel knew or, by the exercise of any diligence, should have known of such condition and they, and not those on the opposite side of the case, had the duty of apprising the court of such condition, if it existed. Wasson and Garlington were dealing at arm's length. Wasson had no duty, under these circumstances, to suggest a defense. There is nothing in the record in any manner tending to show that defendants in said case did anything to prevent the Garlingtons from presenting any defense. Appellees had no duty to furnish evidence or assist appellants with their defense. Garcia. v. Ramos, Tex.Civ.App., 208 S.W.2d 111, 112 (W.R.). See also 113 A.L.R. 1235, 1236.

In Ewing, Adm'x v. Wilson & Howell, 63 Tex. 88, 89, Judge Stayton said:

"If these sales were invalid, and might have been set aside upon proper proceeding, these matters of invalidity existed when the suit of trespass to try title was brought by the appellees against George Ewing, and existed at the time the judgment in favor of the appellees was rendered in that case, and therein should have been presented or otherwise made available."

■ The mere fact, if it is a fact, that Garlington, who was well represented by counsel, was of unsound mind when the judgment in case 3807 was rendered against him did not make said judgment erroneous. Denni v. Elliott, 60 Tex. 337, 339. Equity will not vacate such a judgment by reason thereof, unless it is shown that he did not have a fair trial and that the judgment is inequitable. 34 A.L.R. 223.

In Hubbard v. Williams, 144 Ga. 566, 87 S.E. 780, the court dismissed on general demurrer a suit to set aside a judgment rendered against an idiot in an action instituted by her without a guardian, where it appeared the action was brought by the idiot and two others to enjoin a process directed against all of them and no fraud, was alleged against the attorney who acted on behalf of the idiot and the bill of review was filed eleven years after rendition of the judgment sought to be set aside.

In Leonard v. The Chicago Times, 51 Ill. App. 427, 34 A.L.R. 224, it was held that equity would not vacate a judgment against a partnership because a partner was insane at the rendition of the judgment and not represented by a guardian ad litem where the judgment was rendered on a partnership debt and the partnership appeared by counsel, who looked after the interests of the insane partner, and there was no defense available which was not interposed.

■ In Farmers' & Merchants' Bank v. Duke, 187 N.C. 386, 122 S.E. 1, 34 A.L.R. 215, it was held that a judgment would not be set aside because of the insanity of a defendant at the rendition of a judgment against him, although he was not represented by a guardian, where he was represented by counsel, his relatives were present at the trial, his deposition was used and no question of his insanity was then raised. This is exactly the situation with reference to Garlington.

In Baxter v. Dear, 24 Tex. 17, 21, the court said:

"This court has never gone so far, as to hold that such a judgment can be inquired into, upon equitable considerations; and we have not been able to find any case, in which a court of equity has assumed the power to set aside the solemn judgment of a court of competent jurisdiction, to enable a party to present a defence, which might have been presented in the first suit, and where no fraud is shown in obtaining the first judgment."

■ Under the circumstances, we think there can be no doubt that the judgment is conclusive as to the rights and interest of Mrs. Garlington and Donald Garlington.

In Howard v. North, 5 Tex. 290, 297, the court said:

"The acts of femes covert in pias may be and frequently are void; yet this does not impair the conclusive force of judgments, to which they are parties; and if they be not reversed on error or appeal, their effects cannot be gainsaid when they are enforced by ultimate process, or where they are brought to bear on their rights in any future controversy." See Metropolitan Life Ins. Co. v. Pribble, Tex.Civ.App., 130 S.W.2d 332, 337 (W.R.).

In Nichols v. Dibrell, 61 Tex. 539, our Supreme Court said:

"It is well settled that the decision of a court of competent jurisdiction is conclusive, not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case and which they might have had decided. * * * Or, as differently expressed, 'the plea of res judicata applies not only to points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, by exercising reasonable diligence, might have brought forward at the time.' "

In Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 100, 47 Am.St.Rep. 79, the court said:

" 'A party cannot relitigate matters which he might have interposed, but failed to do, in a prior action between the same parties, or their privies, in reference to the same subject-matter.' And if one of the parties failed to introduce matters for the consideration of the court that he might have done, he will be presumed to have waived his right to do so."

In Long v. Martin, 116 Tex. 135, 287 S.W. 494, 495, Judge Cureton said:

"* * * the rule that a valid judgment for a plaintiff is conclusive, not

only as to defenses which were set up and adjudicated, but as to those which might have been raised inconsistent with the facts necessary to sustain the judgment, is one of universal acceptation. Cleveland v. Ward [116 Tex. 1] 285 S.W. 1063, 1070, and cases there cited." See also Dallas Trust & Savings Bank v. Brashear (Tex.Com.App.) 65 S.W.2d 288; Great Southern Life Ins. Co. v. Johnson, Tex.Com.App., 25 S.W.2d 1093.

In Kelley v. Wright, 184 S.W.2d 649, 652, the Court of Civil Appeals said:

"The petition in this case is skilfully drawn, but when we take the whole picture as presented, it is apparent to us that all facts and issues sought to be presented in this application and alleged to present a defense to appellee's original suit in trespass to try title * * * existed and were in the possession and control of appellants at the time of that trial, and it is now settled law that all issues that could have been presented and passed upon by the trial court at that time, will be deemed to have been adjudicated."

In that case those seeking to set aside a judgment by bill of review appealed from the original judgment but, because of their failure to timely perfect their appeal, it was dismissed and the opinion was not published. In case 3803 the Garlingtons appealed but failed to file briefs. Their appeal was dismissed and when their motion for rehearing was overruled, they appealed to the Supreme Courts of Texas and the United States.

In Kelley v. Wright, 184 S.W.2d 649, 652, the Court of Civil Appeals said appellants did not show the judgment was rendered against them because of the fraud of appellee and her counsel. Appellants contended that appellee and her counsel knew appellee had no title to the property recovered by her and deliberately concealed that information from the court for the fraudulent purpose of acquiring title, as was done. The court said, 184 S.W.2d at page 653:

"Granting as we must in this case, that the allegation is true we think it does not disclose fraud as is contemplated by law. We think that if appellee and her counsel had known what appellants hoped to prove at the trial, and when they could not procure their testimony, either from documents or by witnesses, appellee and her counsel were under no legal obligation to assist appellants nor to reveal and admit, if they knew, what appellants had expected to prove. The conclusion in appellants' pleading that such acts constituted fraud does not make them such." See Garcia v. Ramos, Tex.Civ. App., 208 S.W.2d 111 (W.R.).

In Kelley v. Wright, Tex.Civ. App., 184 S.W.2d 649, the trial court sustained exceptions to the bill of review and, petitioners refusing to amend, dismissed the suit. The Supreme Court held the court erred in sustaining exceptions to plaintiffs' petition and dismissing the case. However, it affirmed the judgment, holding that the proper judgment was rendered. One of the grounds alleged by petitioners in that case was that respondent knew she held the land as trustee for petitioners and knew she had no title, and deliberately and fraudulently, withheld such information from the court on the former trial. The other ground alleged was that they lost their suit because they did not then have the necessary evidence to establish their claim, in that, certain documents had been lost. The Supreme Court held that their allegations showed they then knew all the facts which could have been proved by the lost documents and offered no satisfactory evidence of their contents and that such failure was negligence, as a matter of law. The Supreme Court, Kelly v. Wright, 188 S.W.2d 983, 986, in an opinion by Judge Folley, concluded that such facts left the petitioners without any standing in a court of equity to set aside the former judgment by bill of review; that a court of equity would not set aside a judgment when the failure to have a full and fair presentation of their case resulted from the negligence or mistake of the

party or his counsel. We think that the same conclusion must be made in this case. The judgment of a court possessing jurisdiction is final, not only as to matters determined, but also as to every matter which the parties might have litigated and had decided in this case. Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 99.

" ' "It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." ' " Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242, 246.

The following decisions are to the same effect: Dallas Trust & Savings Bank v. Brashear, Tex.Com.App., 65 S.W.2d 288, 291; Ferguson's Estate v. Ferguson, Tex. Civ.App., 189 S.W.2d 441; Ferguson v. Ferguson, Tex.Civ.App., 189 S.W.2d 442, 443; Davis v. Biggs, Tex.Civ.App., 182 S.W.2d 1017, 1019; Cleveland v. Ward, 116 Tex. 1, 18, 285 S.W. 1063; Cain v. Balcom, 130 Tex. 497, 109 S.W.2d 1044, 1046.

There is neither allegation nor proof excusing the long delay in bringing this equitable proceeding to set aside the judgment in case 3807, rendered in May, 1941. This is, at least, the fourth proceeding with reference to that controversy which has been in this court and, as heretofore indicated, it has taken the time of many courts. Land titles should not be in question over a period of many years in many cases between the same parties or their privies. The parties are entitled to finally have an end to this litigation. The Garlingtons neither alleged nor proved when, if ever, Donald Garlington, Mrs. Garlington or their counsel discovered that J. S. Garlington was of unsound mind. If they knew, or, by the exercise of diligence, should have known thereof, at the time of the trial it was their duty to then assert it. They should not be permitted, because of the filing of the plea in abatement, or for

any other reasons, to take the unreasonable position that the creditor, Wasson, knew, or should have known, that J. S. Garlington was of unsound mind when case 3807 was tried but that neither his wife, his son, nor his counsel knew thereof, nor, by the exercise of reasonable diligence, could they have ascertained that such condition existed. The records in 3807 and the present case show that the real defenses asserted here, exclusive jurisdiction of the Federal Court and defects in the trustee's sale, were well presented in the trial of cause 3807. Actually, the only thing of importance added in this trial was evidence that Garlington had been of unsound mind for many years. Evidently he was able to present as good a defense in 1941 as now. No one should be permitted, in the guise of a bill of review, to relitigate issues previously fairly tried and determined. Elder v. Byrd-Frost, Inc., Tex.Civ.App., 110 S.W.2d 172, 174.

 Suits of this character, seeking relief from a final judgment rendered long ago by a court of competent jurisdiction, should be carefully watched by courts of equity and ground therefor restricted. Something more than that injustice might have been done must be shown. Relief is granted only upon a satisfactory showing that the complaining party has been injured by rendition of a judgment where he did not present his defense because he was prevented, without fault or negligence on his part or that of his attorney, from presenting a genuine defense by the wrongful acts of the opposing party. 25 Tex.Jur. 597, 599. There was no such showing made in this case.

 The record on the appeal from the judgment rendered in case 3807 in the District Court of Howard County in May, 1941, has been most carefully studied. It shows that J. S. Garlington and wife were well represented by able counsel. The testimony of J. S. Garlington at that trial seems to be that of an intelligent man. Appellants have neither alleged nor proved facts sufficient to justify the setting aside of said judgment. They neither alleged nor proved facts show-

ing they were prevented by their adversaries from presenting any defense, nor did they allege or prove facts excusing the negligence of themselves and their counsel in not sooner presenting the claim of insanity. We think the whole case, when thoroughly and fairly considered, shows that, if such defense existed, the failure to present it, if any, at the trial of case 3807 resulted from the negligence or mistake of the Garlingtons and their counsel; that they were not prevented by appellees from presenting any defenses, and that they had a fair trial. Courts of equity do not set aside judgments under such circmcumstances. Kelley v. Wright, 144 Tex. 114, 188 S.W.2d 983, 986. See also Fleming v. Seeligson and Ellis, 57 Tex. 524. The evidence presented by the Garlingtons in this case could lead to only one reasonable conclusion, that is, if J. S. Garlington was of unsound mind when case 3807 was tried, his wife, his son and his counsel knew more about that condition or, by the exercise of any diligence, could have learned more about it than could the appellees. They have neither freed themselves from a charge of negligence and delay nor convicted appellees of doing anything to prevent them from timely asserting any defense that existed in said case. Procedural errors are shown by appellants but, under all the circumstances of this case, we think no other judgment could properly be rendered. Rule 434; Kelley v. Wright, 144 Tex. 114, 188 S.W.2d 983, 985; Davis v. Donalson, Tex.Civ.App., 91 S.W.2d 763, 765 (W.D.); Farmers' & Merchants' Bank v. Duke, 187 N.C. 386, 122 S.E. 1, 34 A.L.R. 215.

The judgment is affirmed.

COLLINGS, J., not sitting.

On Motion for Rehearing

GRISSOM, Chief Justice.

 Appellants have filed an able motion for rehearing in which they are respectfully critical of our conclusion that, despite the existence of procedural errors,

the judgment denying the Garlingtons recovery should be affirmed for the reason that no other judgment could properly have been rendered. Appellants contend they have a right by bill of review to set aside the judgment rendered in cause 3807 on May 24, 1941, in the District Court of Howard County primarily because the land in controversy was then still within the exclusive jurisdiction of the bankruptcy court. They cite Nettles v. Doss, Tex.Civ.App., 161 S.W.2d 138. We recognize the correctness of the holding that under the Frazier-Lempke Act exclusive jurisdiction of the property of a bankrupt is in the bankruptcy court until the mortgagee has obtained consent of that court to proceed with foreclosure proceedings. Whether the property here in controversy had been released from control of the bankruptcy court was in issue and decided in two cases in which the Garlingtons were parties. In Wasson v. Collings, Tex.Civ.App., 149 S.W.2d 1041, 1042, this court held the land in controversy had been discharged from control of the bankruptcy court and abandoned to the creditor, A. L. Wasson, and he had been permitted to foreclose his lien, and, for that reason, the District Judge was ordered to proceed to trial in cause 3807. Wasson sold the land under foreclosure of its deed of trust on January 2, 1940. Thereafter, he filed cause 3807 seeking judgment for the title and possession of said land. Wasson alleged therein that the bankruptcy court had discharged the land from its control and authorized him to foreclose his lien. Garlington and wife alleged the land had not been discharged from control of the bankruptcy court. The Garlingtons obtained a continuance of cause 3807 to obtain evidence to support said contention, which was presented by a plea in abatement. That issue was tried, evidence was heard, J. S. Garlington testified and it was held in cause 3807 that the bankruptcy court had discharged the land from its control and authorized Wasson to foreclose his lien, and title and possession of the land was awarded to Wasson. The Garlingtons appealed from that judgment

to this court, our Supreme Court and the United States Supreme Court. Said judgment in cause 3807 was affirmed. It was thereby decided a second time, contrary to the Garlington's contention, that the land had been discharged from control of the bankruptcy court.

The controlling reason for our decision that the judgment rendered in this bill of review proceeding was the only proper judgment that could have been rendered is that the Garlingtons neither alleged nor proved facts requisite to set aside a judgment by bill of review. It was essential that the Garlingtons allege and prove facts showing they had a meritorious defense and that they were prevented from presenting that defense by the extrinsic fraud of the judgment creditor. They presented no fact that tended to show that any act of appellees prevented them from presenting any defense in cause 3807.

 Appellants complain of the fact that we have taken notice of the records of this court in cause 3807.

"An appellate court will take judicial notice of its own records and judgment on a former appeal in the same case, or in suits between the same parties involving the same subject matter. An appellate court may take judicial cognizance of the record in the original case, even without its being referred to. * * * And on appeal in a suit on a judgment the court will take judicial notice of its own action in a suit to set the judgment aside. So, also, on an appeal in a suit to set aside a judgment, the appellate tribunal may look to and consider its records on appeals in the action in which the judgment sought to be set aside was rendered." 3–A Tex. Jur. 493, 494. See also 3–B Tex.Jur. 270, 271.

The motion for rehearing is overruled.

COLLINGS, J., not sitting.