N. H. REED, Relator,

v.

**Hon. R. W. CATON et al., Respondents.**

No. 3871.

Court of Civil Appeals of Texas.

Eastland.

Jan. 31, 1964.

Rehearing Denied Feb. 21, 1964.

George T. Thomas, Clyde E. Thomas, Sr., Big Spring, for relator.

Walter K. Boyd, Jr., Midland, Gordon L. Brelsford, Tyler, O. M. Street, Dallas, for appellees.

WALTER, Justice.

N. H. Reed has filed a petition for a writ of prohibition against the Honorable R. W. Caton, District Judge of the 118th District of Howard County, Texas, to prohibit him from taking any further action in cause number 14,006, styled J. D. Garlington v. The Permian Oil Company, N. P. Powell Oil, Inc., and N. H. Reed, except to dismiss the case. He also asked for an injunction against the plaintiff J. D. Garlington and his attorney, O. M. Street.

Cause number 14,006 is a trespass to try title suit brought by J. D. Garlington against The Permian Corporation, N. P. Powell Oil, Inc., and N. H. Reed, wherein he is claiming the fee simple title to a one-half interest in the minerals under all of Sections 20, 21, 22 and 23 out of Block Number 25, H & T C Ry. Co. Survey in Howard County, Texas. The plaintiff alleges that he is the sole and only heir of J. S. and Jennie Lou Garlington; that his mother and father both died intestate; that on the 1st day of September, 1937, J. J. Perkins and others made, executed and delivered to his father J. S. Garlington a general warranty deed to said four sections of land. He alleges that said deed contained a provision that the grantors therein reserved one-half of the minerals for a period of twenty-five years from the date of said conveyance "and on September 1, 1962, the interest and title of the one-half (½) mineral herein reserved by J. J. Perkins and

L. H. Cullum shall automatically revert to and become the property of the Grantee herein, or his assigns * * *."

On May 24, 1941, in cause number 3807, in the District Court of Howard County, Texas, in a suit styled A. L. Wasson v. J. S. Garlington and his wife Jennie L. Garlington, judgment was rendered awarding title and possession to said four sections of land to A. L. Wasson. The Garlingtons appealed from such judgment but their appeal was dismissed for failure to file briefs on February 13, 1942. The opinion was not published.

On June 22, 1948, J. S. Garlington and wife filed a trespass to try title suit against A. L. Wasson and wife and N. H. Reed claiming the fee simple title to Sections 20, 21, 22 and 23, Block 25, H & T C Ry. Co. Survey, Howard County, Texas. Mrs. Garlington died. J. D. Garlington, individually, and as next friend for his father J. S. Garlington, who was alleged to be a person of unsound mind, filed an amended petition and plea in intervention. Based on a verdict, the court rendered a "take nothing" judgment against the Garlingtons. In an opinion affirming said judgment the Court of Civil Appeals in Garlington v. Wasson, 279 S.W.2d 668, (writ ref. n. r. e.), said:

"This is, at least, the fourth proceeding with reference to that controversy which has been in this court and, as heretofore indicated, it has taken the time of many courts. Land titles should not be in question over a period of many years in many cases between the same parties or their privies. The parties are entitled to finally have an end to this litigation."

■ Garlington now contends that his right to the one-half mineral interest has not been adjudicated. The Garlingtons described the property in their trespass to try title petition as Sections 20, 21, 22 and 23, Block 25, H & T C Ry. Co. Survey, Howard County, Texas. They thereby put in issue their claim to the fee simple title to the four sections of land, which included the reversionary interest. The effect of the "take nothing" judgment was to divest all title out of the Garlingtons and vest same in Wasson and Reed. A. T. Halbert v. Green, 156 Tex. 223, 293 S.W.2d 848, (Supreme Court). J. D. Garlington and N. H. Reed were parties to that suit. J. D. Garlington is the plaintiff in cause number 14,006 and N. H. Reed is one of the defendants.

"After a question of law or an issue of fact has been litigated and adjudicated in a court of competent jurisdiction, the same matter cannot be relitigated in a subsequent suit between the same parties or those in privity with them. This is by virtue of the doctrine of res judicata, which thus extends to both questions of law and issues of fact but binds only the parties to the first suit and those who claim under them." Swilley v. McCain, Texas Supreme Court, 374 S.W. 2d 871.

■ A writ of prohibition is granted against Honorable R. W. Caton, District Judge of the 118th Judicial District of Texas, of Howard County, Texas, prohibiting him from taking any further action in Cause No. 14,006 in the District Court of Howard County, Texas, styled J. D. Garlington v. The Permian Oil Company, N. P. Powell Oil, Inc., and N. H. Reed, except to dismiss the same at Plaintiff's costs.

A writ of injunction is granted against J. D. Garlington of Los Angeles, California, and O. M. Street of Dallas County, Texas, enjoining them from hereafter filing any type of legal proceeding against N. H. Reed or any person holding title under him involving the title to Sections 20, 21, 22 and 23 in Block 25 of the H & T C Ry. Co. Survey in Howard County, Texas, or any part thereof, or any interest therein. City of Dallas v. Dixon, 365 S.W.2d 919, (Supreme Court.).

COLLINGS, J., not sitting.